UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CA NO. 04-10028-DPW

THOMAS COLLURA,
   Plaintiff,

v.

MILTON VEGA, NEIL
MURPHY, and Certain Unnamed
Individuals,
   Defendants.

### DEFENDANTS, VEGA AND MUPRHY'S ANSWER AND JURY CLAIM

The defendants, Milton Vega and Neil Murphy hereby answers the plaintiff's compliant as follows:

1. The defendants have insufficient information to either admit or deny the allegations contained in paragraph 1.
2. The defendants admit the allegations contained in paragraph 2.
3. The defendants admit the allegations contained in paragraph 3.
4. The defendants have insufficient information to either admit or deny the allegations contained in paragraph 4.
5. The defendants neither admit nor deny the allegations contained in paragraph 5 as same are a statement of jurisdiction.

Factual Allegations

1. The defendants admit that on the referenced date the plaintiff was present in a motorized vehicle located at the referenced address. The defendants deny the remaining allegations contained in paragraph 1.

1

2. The defendants admit that while acting as members of the Norwood Police Department and acting under color of law on the referenced date entered and seized certain items from the plaintiff's motorized vehicle. The defendants deny the remaining allegations contained in paragraph 2.

3. The defendants admit the allegations contained in paragraph 3.

4. The defendants admit the allegations contained in paragraph 4.

5. The defendants admit the allegations contained in paragraph 5

6. The defendants admit only that the court allowed the plaintiff's motion to suppress evidence seized. The defendants deny the remaining allegations contained in paragraph 6.

7. The defendants admit the allegations contained in paragraph 7.

8. The defendants admit that the plaintiff was incarcerated at the Norfolk County House of Correction for approximately ten months subsequent to October 27, 2002. The defendants deny the remaining allegations contained in paragraph 8.

9. The defendants admit the allegations contained in paragraph 9.

10. The defendants deny the allegation s contained in paragraph 10.

11. The defendants deny the allegation s contained in paragraph 11.

12. The defendants deny the allegation s contained in paragraph 12.

Count I

1. The defendants reassert their responses to paragraphs 1-4 and 1-12 above as if specifically restated herein.

2. The defendants deny the allegation s contained in paragraph 2.

Count II

1. The defendants reassert their responses to paragraphs 1-4 and 1-12 above as if specifically restated herein.

2. The defendants deny the allegation s contained in paragraph 2.

Count III

1. The defendants reassert their responses to paragraphs 1-4 and 1-12 above as if specifically restated herein.
2. The defendants neither admit nor deny the allegation s contained in paragraph 2 as said paragraph is not asserted against the defendants. To the extent that factually allegations are asserted against them, the defendants deny same.

Wherefore, the defendants demand judgment in their favor together with costs and attorneys' fees.

## DEMAND FOR JURY TRIAL

The defendants request a trial by jury on all counts.

## AFFIRMATIVE DEFENSES

**First**

The plaintiff has failed to state a claim for which relief may be granted.

**Second**

The individual defendants acted objectively reasonably under the circumstances and are qualifiedly immune from liability.

**Third**

The plaintiff has failed to provide presentment of his claims sounding in negligence as a prerequisite to commencing suit and thus such claim is barred.

**Fourth**

The defendants say that the plaintiff was more than fifty percent negligent in causing or contributing to the incident or injuries alleged and therefore, the plaintiffs cannot recover, or any verdict or finding in their favor must be reduced by the percentage of negligence attributed to said plaintiffs.

**Fifth**

The actions of the defendants were supported by probable cause and in good faith.

**Sixth**

The actions of the defendants were supported by probable cause and legal justification.

**Seventh**

The plaintiff has failed to effectuate proper service of process upon the defendants.

**Eighth**

The plaintiff has failed to commence this action within the applicable statute of limitations and thus such claims are time barred.

**Ninth**

Any alleged injuries or damages sustained by the plaintiff was caused by a person or persons for whom the defendants are not legally responsible.

Defendants, Milton Vega and Neil Murphy,
By their Attorney,

Douglas I. Louison   BBO# 545191
MERRICK, LOUISON & COSTELLO
67 Batterymarch Street
Boston, MA 02110
(617) 439-0305

**CERTIFICATE OF SERVICE**

I, Douglas I. Louison, hereby certify that on the 30 day of March, 2004, I served the foregoing by causing a copy to be mailed, postage prepaid, directed to Edward McCormick, Esq., McCormick & Maitland, 144 Main Street, PO Box 318, Norfolk, MA 02056.

Douglas I. Louison